I believe that the Self-Insuring Employees Evaluation Board ("SIEEB") should have its decisions reviewed through actions in mandamus, not through direct appeal utilizing R.C. Chapter 119. Therefore, I believe we should reverse the judgment of the common pleas court and remand the case with instructions to dismiss the appeal.
R.C. 119.01(A) defines "agency" for purposes of R.C.119.01 to 119.13. R.C. 119.01(A) specifically notes:
 Sections 119.01 to 119.13 of the Revised Code do not apply to actions of the industrial commission or the bureau of workers' compensation under sections 4123.01
to 4123.94 of the Revised Code with respect to all matters of adjudication, and to the actions of the industrial commission and bureau of workers' compensation under division (D) of section 4121.32 and sections 4123.29, 4123.34, 4123.341 [4123.34.1], 4123.342 [4123.34.2], 4123.40, 4123.411 [4123.41.1], 4123.44, 4123.442 [4123.44.2], and divisions (B), (C), and (E) of section 4131.14 of the Revised Code.
Given the express wording of R.C. 119.01(A) whether the decision of the SIEEB is by way of action or by way of adjudication is utterly irrelevant, if the SIEEB is part of the Ohio Bureau of Workers' Compensation ("BWC"). Both actions and adjudications of the BWC are barred from review under R.C. 119.01
to 119.13. Thus, the dispositive issues is whether the SIEEB is part of the BWC.
The SIEEB was created in 1986 through the enactment of R.C. 4123.352. The three-member board is subject to many of the same requirements which apply to the Industrial Commission of Ohio. The Governor of Ohio appoints two of the members with the advice and consent of the Ohio Senate. The third member is the member of the Industrial Commission representing the public.
R.C. 4123.352 indicates:
 (A) * * * For administrative purposes, the board is a part of the bureau of workers compensation, and the bureau shall furnish the board with necessary office space, staff, and supplies. The board shall meet as required by the administrator of workers' compensation.
 (B) In addition to the grounds listed in section 4123.35 of the Revised Code pertaining to criteria for being granted the status as a self-insuring employer, the grounds upon which the administrator may revoke or refuse to renew the status includes failure to comply with any rules or orders of the administrator or to pay contributions to the self-insuring employers' guaranty funds established by section 4123.351 [4123.35.1] of the Revised Code, continued failure to file medical reports bearing upon the injury of the claimant, and failure to pay compensation or benefits in accordance with law in a timely manner. A deficiency in any of the grounds listed in this division is sufficient to justify the administrator's revocation or refusal to renew the employer's status as a self-insuring employer. The administrator need not revoke or refuse to renew an employer's status as a self-insuring employer if adequate corrective action is taken by the employer pursuant to division (C) of this section.
 (C) The administrator shall refer to the board all complaints or allegations of misconduct against a self-insuring employer or questions as to whether a self-insuring employer continues to meet minimum standards. The board shall investigate and may order the employer to take corrective action in accordance with the schedule the board fixes. The board's determination in this regard need not be made by formal hearing by shall be issued in written form and contain the signature of at least two board members. If the board determines, after a hearing conducted pursuant to Chapter 119. of the Revised Code and the rules of the bureau, that the employer has failed to correct the deficiencies within the time fixed by the board or is otherwise in violation of this chapter, the board shall recommend to the administrator revocation of an employer's status as a self-insuring employer or such other penalty which may include, but is not limited to probation, or a civil penalty not to exceed ten thousand dollars for each failure. A board recommendation to revoke an employer's status as a self-insuring employer shall be by unanimous vote. A recommendation for any other penalty shall be by majority vote. Where the board makes recommendations to the administrator for disciplining a self-insuring employer, the administrator promptly and fully shall implement the recommendations.
Given the various links between the BWC and the SIEEB, I see the SIEEB as being part of the BWC. The BWC provides office space, staff and supplies. The BWC provides all the work the SIEEB performs by referring all complaint or allegations of misconduct for review. The BWC implements any recommendation from the SIEEB.
I see no reason to insert an appeal to the common pleas court under R.C. 119.12 into the process here. Self-insuring employers who disregard their obligations to their injured workers already have extensive rights and protections. I believe that review by way of mandamus action is preferable both legally and practically. I, therefore, dissent from the majority opinion.